**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RELAUN VAU HARE DEADMON, | No. 15-15704 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-00316-LJO-MJS |
| v. | |
| JEFFREY WANG; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted October 25, 2016[**]

Before:    LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Relaun Vau Hare Deadmon, a California state prisoner, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. §§ 1915A and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1915(e)(2)(B)(ii), *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and we affirm.

The district court properly dismissed Deadmon's action because Deadmon failed to allege facts sufficient to state a deliberate indifference claim. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; negligence and a mere difference in medical opinion are insufficient to establish deliberate indifference); *Nat'l Ass'n for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (in determining whether the complaint states a claim for relief, "we may consider facts contained in documents attached to the complaint").

The district court did not abuse its discretion by denying Deadmon leave to file a second amended complaint after providing him with an opportunity to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend should be given unless amendment would be futile); *see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (a district court's discretion to deny leave to amend is particularly broad when it has afforded plaintiff one or more opportunities to amend). Contrary to Deadmon's contention, the district

court provided sufficient notice of the complaint's deficiencies.

Even if the district court erred in finding that Deadmon's objections were late, the objections would not change the result in this case.

**AFFIRMED.**